# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAGNER, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00045-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS***<br><br>**(Doc. 2)**<br><br>**30-DAY DEADLINE** |

　　　　Plaintiff identifies this action as a "Petition to Compel under 28 U.S.C. § 1361." However, his allegations make clear that he is attempting to pursue violation of rights pursuant to 42 U.S.C. § 1983. On January 11, 2016, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which should be **DENIED** since Plaintiff has three strikes under that section and fails to show that he is in imminent danger of serious physical injury.

**A.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

　　　　Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. This section reads, "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

///

B. **DISCUSSION**

The Court may take judicial notice of its own court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, the court takes judicial notice Plaintiff's three prior actions: *Seavon Pierce v. Fernando Gonzales, et al.,* 1:10-cv-00285-JLT, which the Court dismissed on December 3, 2012 for failure to state a claim; *Seavon Pierce v. Lancaster State Prison,* 2:13-cv-08126, which the Court dismissed on December 3, 2013 as frivolous, malicious, and for failure to state a claim; and *Seavon Pierce v. Warden of Lancaster,* 2:13-cv-01939-UA-CW, which the Court dismissed on March 28, 2013 as frivolous, malicious, and for failure to state a claim. Plaintiff is thus subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this action unless he has shown that at the time he filed this action, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's filing in this action (Docs. 1) and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). In the petition that Plaintiff has filed in this action, he lists himself and various individuals along with "Prison Legal News" as petitioners with Attorney General Benjamin Wagner, "Public Corruption Section," "Public Corruption Investigations Sections, F.B.I.," "Department of Corrections," and "Federal Judicial Commission" as respondents. In the petition, Plaintiff requests "for duty to report such acts as defined by law. The information must be reported and investigated by duty of the respondents, see Exhibits as evidence of concealment of crimes which involves the President. Duty and enforcement is requested as relief." (*See* Doc. 1, p. 1.) Plaintiff basically complains that the respondents are failing to perform required duties. Further, while he lists a variety of duties he feels respondents have failed to perform, he fails to link any infringing action to any of the named defendants. Plaintiff's allegations are largely nonsensical such as:

> The parties as, the media; the press; attorney's; government/public officials; the first petitioner listed, **is also defined as the public and has rights as the public,** and as a separate party of interest, invoking the rights of the 1st Amendment to be free from governmental interference, acts being prohibited upon the duty of the respondents. 'The public interest' upon public information is being infringed upon by the failure to perform the described duties of the respondents. The government is not protecting the rights of the people in this matter upon these facts. No facts in dispute of these allegations

exist as a matter of record under the above case citing.

None of Plaintiff's allegations show that he was under an imminent danger at the time he filed this action. Plaintiff therefore fails to allege specific facts indicating that he was under imminent danger at the time he filed this action. Based on the foregoing, the Court finds that Plaintiff fails to allege an imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on filing suit without prepayment of the filing fee since he previously received three strikes thereunder. Accordingly, Plaintiff may not proceed *in forma pauperis* in this action and must submit the appropriate filing fee in order to proceed with this action.

## C. CONCLUSION and RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis*, filed January 11, 2016 (Doc. 2), be **DENIED** and that Plaintiff be ordered to pay the filing fee in full.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 26, 2016**             /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE