UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>             Plaintiff,<br><br>    v.<br><br>MIMS, et al.,<br><br>             Defendants. | No.  1:16-cv-00045-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 2, 4, 5) |

      Plaintiff, Seavon Pierce, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On January 11, 2016, plaintiff filed a motion to proceed *in forma pauperis*.  (Doc. No. 2.)

      On January 27, 2016, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to proceed *in forma pauperis* in this action be denied.  That recommendation was based on the magistrate judge's finding that plaintiff was barred from proceeding *in forma pauperis* in this action under 28 U.S.C. §1915(g) since he had at least three prior actions dismissed as frivolous, malicious or for failure to state a claim upon which relief could be granted prior to the filing of this action and that his current allegations failed to show that he was in imminent danger of serious physical injury at the time he filed suit.  (Doc. No. 4.)  The findings and recommendations were served on plaintiff and contained notice that objections thereto were due within thirty days.  (*Id.*)  Plaintiff filed timely objections.  (Doc. No. 5.)

As was accurately stated in the magistrate judge's findings and recommendations, a prisoner may not bring a civil action under 28 U.S.C. §1915(g) if they have, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (Doc. No. 4 at 1) (quoting 28 U.S.C. § 1915(g)).[1] As also accurately noted by the assigned magistrate judge, plaintiff had suffered at least three dismissals qualifying as strikes[2] under § 1915(g) prior to his filing of this action. Thus, plaintiff may only proceed under § 1915(g) only if his allegations satisfy the imminent danger of serious physical injury exception. The Ninth Circuit has stated that "requiring a prisoner to 'allege [ ] an ongoing danger' . . . is the most sensible way to interpret the immanency requirement." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 2003)). In *Andrews* the Ninth Circuit held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but that the exception may be satisfied by alleging that the imminent danger faced by the plaintiff is an ongoing one. *See Andrews* at 1053.

Here, the assigned magistrate found that the allegations in plaintiff's complaint and in his motion — that defendants are failing in their duty to report and investigate various crimes involving President Obama allegedly amounting to concealment along with other largely nonsensical allegations — do not satisfy the imminent danger exception under § 1915(g). In his objections to the findings and recommendations, plaintiff asserts that the magistrate judge improperly exercised jurisdiction over this action and that the Prisoner Litigation Reform Act, 28 U.S.C. 1915, does not apply in this case. (Doc. No. 5.) However, § 1915 is the statute under which a litigant may apply for *in forma pauperis* status to be relieved of prepayment of the full

---

[1] Dismissals on any of the three enumerated grounds are colloquially referred to as "strikes."

[2] *See Seavon Pierce v. Fernando Gonzales, et al.,* 1:10-cv-00285-JLT (E.D. Cal.) (dismissed on December 3, 2012 for failure to state a claim); *Seavon Pierce v. Lancaster State Prison,* 2:13-cv-08126-UA-CW (C.D. Cal.) (dismissed on December 3, 2013 as frivolous, malicious, and for failure to state a claim); and *Seavon Pierce v. Warden of Lancaster,* 2:13-cv-01939-UA-CW (C.D. Cal.) (dismissed on March 28, 2013 as frivolous, malicious, and for failure to state a claim).

filing fee.  This is the statute under which plaintiff's application to proceed *in forma pauperis* must be considered despite his objection.  Thus, plaintiff must meet the requirements of § 1915(g) to be granted *in forma pauperis* status in this, or any other civil action he may bring while incarcerated.  Plaintiff neither argues, nor cites any authority to show, that any of his allegations meet the imminent danger requirement.  Plaintiff has not attempted to establish that he is otherwise entitled to be granted *in forma pauperis* status in this action and the court finds no basis upon which his application could be properly granted.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, for the reasons set forth above:

1. The Findings and Recommendations (Doc. No. 4), issued on January 27, 2016, are ADOPTED in full;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is DENIED;
3. Within thirty days from the date of service of this order, plaintiff is required to pay in full the $400.00 filing fee for this action; and
4. Plaintiff's failure to comply with this order shall result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated:   **March 7, 2016**

UNITED STATES DISTRICT JUDGE