UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WAGNER, et al ,<br><br>　　　　　　Defendants. | No. 1:16-cv-00045-DAD-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. No. 7) |

　　　　Plaintiff, Seavon Pierce, a state prisoner proceeding *pro se*, filed this civil rights action on January 11, 2016.  On January 27, 2016, findings and recommendations recommending that plaintiff's application to proceed in *in forma pauperis* be denied were issued by the assigned magistrate judge.  (Doc. No. 4.)  Plaintiff filed objections (Doc. No. 5) which were considered in the order that issued on March 8, 2016 (Doc. No. 6), adopting the findings and recommendation in full.  On March 21, 2016, plaintiff filed a motion which appears to seek reconsideration of the order denying his application to proceed *in forma pauperis*.  (Doc. 24.)

　　　　Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and

1

citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, or an intervening change of law to support his motion. Plaintiff errantly argues that 42 U.S.C. § 1983 and, concomitantly 28 U.S.C. § 1915, only apply to actions brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff argues that he seeks to compel federal officials to report and investigate "a crime concerning the U.S. President" under 28 U.S.C. §§ 535, 591. Plaintiff thus argues that neither 42 U.S.C. § 1983, nor 28 U.S.C. § 1915 apply to this action and that his application to proceed *in forma pauperis* should be granted.

As correctly stated in the magistrate judge's January 27, 2016 findings and recommendations, 28 U.S.C. § 1915 applies to all civil actions brought by prisoners. Plaintiff attempts to avoid application of § 1915 by asserting that this is a "statutory action" and not a "civil action." However, any action brought by a prisoner for violation of a statute is a "civil action" for purposes of § 1915.

Having carefully considered this matter, the undersigned finds the court's previous order denying plaintiff's application to proceed *in forma pauperis* to be supported by the record and

proper analysis.

Accordingly, plaintiff's motion for reconsideration of the order denying his application to proceed *in forma pauperis*, filed March 21, 2016 (Doc. No. 7), is DENIED.

IT IS SO ORDERED.

Dated:  **March 31, 2016**

                                    UNITED STATES DISTRICT JUDGE